## Uncollected State Checks

GEORGE W. KEITEL, Deputy Attorney General, and HARRINGTON ADAMS, Acting Attorney General, January 19, 1959.—We have your request to be advised as to whether applications for refund involving Commonwealth checks issued more than seven years ago may be approved by the Board of Finance and Revenue, and if so, what procedure should be followed.

The Act of July 12, 1935, P. L. 996, 72 PS §§309-311, provides for the issue of replacement checks in lieu

of checks more than two years old and then further provides:

"No replacement check shall hereafter be issued for the payment of any claim, where the original check has not been presented to the Treasury Department for payment within a period of seven years from the date of issue; and all claims against the Commonwealth, for which checks have been outstanding for this period, shall be considered paid. The period of seven years is hereby declared to be the longest period of time during which a check issued by the Treasury Department may be honored, and all sums of money held or appropriated for the payment of such checks not presented within said period are hereby escheated to the Commonwealth": 72 PS §310.

Since the sums appropriated for the payment of checks not presented within seven years have been "escheated to the Commonwealth", it must then be determined whether section 504 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §504, permits the Board of Finance and Revenue to make a refund of such sums of money. That section provides that: ". . . any moneys escheatable under the provisions of any act of Assembly, which have been heretofore voluntarily paid into the State Treasury, or which may be hereafter so paid, shall be likewise refunded in the same manner in which moneys so paid pursuant to an order of court are refunded under the provisions of this act".

This escheat language would not apply to the present situation, because these sums of money have not been "voluntarily paid into the State Treasury". On the contrary the money has always been in the State Treasury, and the payee of the check has never become the owner of the moneys represented thereby. It is well settled that a check is not payment of a debt until the check is cashed: Diskin v. Philadelphia Police Pen-

sion Fund Association, 367 Pa. 273 (1951). As noted in the portion of the Act of 1935 quoted above, all claims against the Commonwealth for which checks have been outstanding for seven years "shall be considered paid". This language draws the red line across the page of the account of the payee of the check. He has no further recourse against the Commonwealth.

Accordingly, you are advised that the Board of Finance and Revenue has no jurisdiction to consider applications for "refund" for Commonwealth checks issued more than seven years ago.